NO. 07-11-00150-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2011

ROBERT ANDREW BARNES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. CR20,781; HONORABLE EDWARD P. MAGRE, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

On February 25, 2011, appellant, Robert Andrew Barnes, filed a notice of appeal from a judgment adjudicating him guilty of criminal non-support, sentencing him to eighteen months in a state jail facility and a fine, and ordering restitution.

The clerk's record was filed on March 8, 2011 and the reporter's record was filed on April 28. However, the clerk's record contains no certification of defendant's right of appeal. Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). Under Rule 25.2, the certification

of defendant's right of appeal must be signed by the defendant and a copy must be given to him. Tex. R. App. P. 25.2(d).

Accordingly, we abate the appeal and remand the cause to the trial court. On remand, the trial court shall utilize whatever means it finds necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court.

This order constitutes notice to all parties of the absence of a certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 37.1. If a certification that shows appellant has the right of appeal is not made part of the record, the appeal must be dismissed. *See* Tex. R. App. P. 25.2(d).

On remand, the trial court is directed to: (1) conduct any hearings it finds necessary; (2) make and file such findings of fact, conclusions of law, recommendations or orders it finds appropriate to address the subject of this remand order; (3) if it holds a hearing, cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) cause any findings, conclusions, recommendations or orders it issues, together with the properly executed certification of defendant's right of appeal, to be included in a supplemental clerk's record; and (5) cause the supplemental reporter's record, if any, and the supplemental clerk's record to be filed with the Clerk of this Court, no later than August 8, 2011.

It is so ordered.

Per Curiam

Do not publish.